```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
_____
                                    :
DERRICK D. GILLIAM,                 :
                                    :
          Petitioner,               :    No. 23-cv-3892 (NLH)
                                    :
     v.                             :    OPINION
                                    :
WARDEN,                             :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:

Derrick D. Gilliam
560432
Mercer County Correction Center
P.O. Box 8068
Trenton, NJ 08650

    *Petitioner Pro se*

HILLMAN, District Judge

    Petitioner Derrick D. Gilliam filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He also filed motions to supplement his petition, ECF No. 4, to stay the criminal proceedings, ECF No. 5, and for an injunction preventing the State of New Jersey ("State") from scheduling any hearings in the underlying criminal case currently pending against him, ECF No. 10.

    The Court will grant the motion to supplement. For the reasons expressed below, the Court will deny the other motions

and dismiss the habeas petition without prejudice. No certificate of appealability shall issue.

I. **BACKGROUND**

In August 2013, a Gloucester County Grand Jury charged Petitioner with first-degree vehicular homicide, N.J.S.A. 2C:11-5(b)(3), and fourth-degree obstruction, N.J.S.A. 2C:29-1A. ECF No. 1-15 at 2. The indictment alleged that Petitioner struck a pedestrian while driving under the influence of alcohol within 1000 feet of school property. Id. The pedestrian later died from his injuries. ECF No. 1-9 at 2. Petitioner's blood was drawn at a hospital following his arrest. ECF No. 1-2 at 5. According to the test, Petitioner had a BAC level of .14. Id. Police officers did not have a warrant to draw Petitioner's blood.

Petitioner moved to suppress the test results due to a lack of exigent circumstances that would justify the warrantless draw. ECF No. 4-2 at 2. The trial court denied the motion. Ultimately, Petitioner pled guilty to second-degree reckless vehicular homicide. ECF No. 1-18 at 2. Petitioner retained his right to appeal the denial of his motion to suppress the blood results as a condition of his guilty plea. Id. The trial court dismissed the obstruction charge with the State's consent. ECF No. 1-13 at 2.

Petitioner filed an appeal with the New Jersey Superior Court, Appellate Division ("Appellate Division"). The Appellate Division concluded that there were no exigent circumstances to support the warrantless blood draw, vacated Petitioner's guilty plea, and remanded for trial. State v. Gilliam, No. A-1354-18T2, 2021 WL 79181, at *1 (N.J. Super. Ct. App. Div. Jan. 11, 2021) (citing Missouri v. McNeely, 569 U.S. 141 (2013)). The New Jersey Supreme Court denied the State's and Petitioner's petitions for certification. State v. Gilliam, 252 A.3d 561 (N.J. 2021); State v. Gilliam, 252 A.3d 564 (N.J. 2021).

On December 22, 2021, the State went before a grand jury to present the charges against Petitioner again. ECF No. 1-1 at 2. The grand jury issued Indictment 21-12-00889 charging Petitioner with first-degree vehicular homicide, N.J.S.A. 2C:11-5(b)(3). ECF No. 1-3 at 3.

Petitioner seeks a writ of habeas corpus pursuant to § 2241 seeking dismissal of the charges and immediate release from custody. ECF No. 1 at 7. He also filed motions for a stay of the criminal proceedings, ECF No. 5, and for an injunction, ECF No. 10.

## II. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent

3

standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

"The decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).  Injunctive relief, however, remains "'an extraordinary remedy never awarded as of right.'"  Groupe SEB USA, Inc. v. Euro-Pro Operating LLC, 774 F.3d 192, 197 (3d Cir. 2014) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)).  A party seeking a temporary or preliminary injunction "'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Id. (quoting Winter, 555 U.S. at 20).

**III. DISCUSSION**

**A.   Pre-trial Habeas Jurisdiction**

Petitioner argues the Court should intervene in his state criminal proceedings because the second indictment violates the Double Jeopardy Clause, the State presented false evidence to the grand jury, there was no probable cause for the second indictment, and the State is vindictively prosecuting him because Petitioner filed a civil rights complaint alleging malicious prosecution.[1]  He also asserts he cannot receive a fair trial because of pre-trial publicity.  Id. at 9.[2]

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, see Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in

---

[1] Petitioner's civil rights complaint is proceeding separately before the Court.  See Gilliam v. Cavallaro, No. 21-cv-16844.

[2] He also alleged that the conditions at the Atlantic County Jail were unconstitutionally punitive, ECF No. 1 at 7, but he has since been moved to the Mercer County Corrections Center, ECF No. 9.  That challenge is therefore moot.  "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003), as amended (May 29, 2003) (citing Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993)).  See also Mayon v. Capozza, 2015 WL 4955397, at *5 (W.D. Pa. Aug. 19, 2015) ("A prisoner's transfer or release from prison moots his claims for declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional.").

5

the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.3d at 445-46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." Moore, 515 F.2d at 443.

Petitioner did not present his claims to the Appellate Division and New Jersey Supreme Court, claiming this is because his attorney refuses to file the motions. ECF No. 1 at 3. "'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" Moore, 515 F.2d at 442 (quoting Cook v. Hart, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his [federal] constitutional rights," and "comity demands that the state courts, under whose process he is held . . . should be appealed to in the first instance." Id. at 442-43 (internal quotation marks and citations omitted). As Petitioner has not exhausted his claims, the Court will not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

"[I]nvocation of the 'extraordinary circumstances' exception must bring into play the suggestion of an inability of

6

the state forum to afford an adequate remedy at law." Id. at 448 (internal citation omitted). There is no such suggestion here; Petitioner's conviction was reversed by the Appellate Division, which demonstrates the state courts can address his challenges to prosecution. After reviewing the petition, motion for a stay, and injunctive relief motion, the Court concludes there are no extraordinary circumstances warranting federal intervention in Petitioner's state criminal case at this time.

Federal habeas proceedings should not be used as a "'pre-trial motion forum for state prisoners,'" or to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973). The Third Circuit has held in other pre-trial habeas actions that requiring defendants to "undergo the rigors of trial" does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies. Moore, 515 F.2d at 446. See also United States v. Kenny, 462 F.2d 1230 (3d Cir. 1972) (reversing the district court's grant of an injunction against pending state criminal proceedings based on claim that grant of immunity in federal case barred any subsequent state prosecution).

Petitioner has not shown that the state courts cannot address his constitutional claims in the first instance, nor has he shown that his allegations of ineffective assistance of counsel and prosecutorial misconduct are so unique as to justify federal intrusion.  "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes."  Moore, 515 F.2d at 449.

As Petitioner has not shown extraordinary circumstances warranting federal intervention at this time, the petition will be dismissed without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[3]

**B.   Motion to Stay and for Injunctive Relief**

Petitioner also moves to stay the criminal proceedings, ECF No. 5, and for a preliminary injunction, ECF No. 10.  The Court will deny both motions.

"When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state

---

[3] The Court expresses no opinion as to whether any forthcoming petition has otherwise met the requirements of § 2254.

8

prosecution." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (emphasis added) (citing Younger v. Harris, 401 U.S. 37 (1971)). Petitioner's criminal trial is actively proceeding in the state courts. See ECF No. 10 at 2(stating he has a January 19, 2024 hearing to set trial date). Therefore, "federal-court abstention is required" in Petitioner's case under Younger "unless there is an extraordinary circumstance that creates a threat of irreparable injury." Sprint Commc'ns, 571 U.S. at 72; Jackson v. Clark Cnty. Det. Ctr., No. 223CV01797APGVCF, 2023 WL 8435930, at *2 (D. Nev. Nov. 28, 2023). "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Younger, 401 U.S. at 46.

Petitioner's assertion that he should not have to stand trial because his second prosecution violates the Double Jeopardy Clause is unpersuasive. ECF No. 10 at 2-3. Petitioner asserts he cannot be charged with first-degree vehicular homicide because he already pled guilty to second-degree reckless vehicular homicide. Id. at 3. However, the Appellate Division vacated that conviction after Petitioner appealed. State v. Gilliam, No. A-1354-18T2, 2021 WL 79181 (N.J. Super. Ct. App. Div. Jan. 11, 2021). "It has long been settled . . . that the Double Jeopardy Clause's general prohibition against

9

successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." Lockhart v. Nelson, 488 U.S. 33, 38 (1988). The Appellate Division vacated Petitioner's guilty plea because of a Fourth Amendment violation, not because there was insufficient evidence to sustain a conviction. Gilliam, 2021 WL 79181, at *8. Notably, the Appellate Division explicitly stated that it was remanding the matter "for trial." Id.

Petitioner has not shown that he will be subject to irreparable injury if his state court criminal proceedings continue; therefore, he has not overcome the strong federal policy against federal-court interference with pending state judicial proceedings. See Shinn v. Ramirez, 596 U.S. 366, 376 (2022) ("The power to convict and punish criminals lies at the heart of the States' 'residuary and inviolable sovereignty.'") (quoting The Federalist No. 39, p. 245 (C. Rossiter ed. 1961) (J. Madison))). Therefore, the Court will deny his motion to stay and motion for a preliminary injunction.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court"

10

unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failing to exhaust state court remedies and as moot is correct.

## V.   CONCLUSION

For the reasons set forth above, the Court will grant Petitioner's motion to supplement his § 2241 petition. The petition for writ of habeas corpus will be dismissed without prejudice. The motion to stay and motion for a preliminary injunction will be denied. No certificate of appealability shall issue.

An appropriate order follows.

Dated: December 14, 2023         s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

11